## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
## COVINGTON DIVISION

| | |
|---|---|
| SHERRY RAHTZ, Individually, And as Ancillary Administrator of the Estate of DENNIS RAHTZ, Deceased And PATRICIA PAIGE, as next of friend and Natural grandmother of minors, P.R., C.R. and D.R. | Civil Action No. |
| Plaintiffs, | Judge: |
| v. | Complaint |
| Transit Authority of Northern Kentucky and Howard Sampson | Jury Trial Demanded |
| Defendants. | |

## **COMPLAINT**

\* \* \* \* \*

Comes now Plaintiff, Sherry Rahtz, Individually, and as Ancillary Administrator of the Estate of Dennis Rahtz, deceased, and Patricia Paige, as next of friend and natural grandmother of minors, P.R., C.R. and D.R., by and through counsel, and for this Complaint against the Defendants state as follows:

### **PARTIES**

1. The Plaintiff, Sherry Rahtz, Individually, and as Ancillary Administrator of the Estate of Dennis Rahtz, deceased, and her natural children and minors, P.R., C.R. and D.R., were at all times relevant residents and citizens, Cincinnati, Hamilton County, Ohio.

2. The Plaintiff, Sherry Rahtz, was appointed Ancillary Administrator of the Estate of Dennis Rahtz on April 20, 2022, by the Kenton County District Court. See Attached Order, Exhibit 1.

3.      The Plaintiff, Patricia Paige, the next of friend and natural maternal grandmother of the minors, P.R., C.R. and D.R., was at all times relevant herein a resident of Florence, Kentucky and qualified to serve as next of friend of the minors pursuant KRS 387.300. See attached Affidavit of Next of Friend Exhibit 2.

4.      Defendant Transit Authority of Northern Kentucky (hereinafter TANK) is a public transportation service in the Commonwealth of Kentucky, with a principal office in Ft. Wright, Kenton County, Kentucky.

5.      The Defendant, Howard Sampson (hereinafter Sampson), was at all times relevant a citizen and resident of Covington, Kenton County, Kentucky.

6.      At all times relevant, Sampson was the employee, agent, servant, and/or statutory employee Defendant TANK, thereby causing TANK to be vicariously liable for any negligence of Sampson under the legal doctrine of respondeat superior.

## JURISDICTION AND VENUE

7.      The incident which forms the basis of this litigation occurred on March 10, 2022, in Covington, Kenton County, Kentucky.

8.      Subject matter of this action arises under 28 U.S.C. § 1332. The parties are citizens of different states, and the amount in controversy between the parties exceeds the sum of $75,000.00, exclusive of interest and costs.

9.      The Court has personal jurisdiction over the Defendants because the Defendants transact business, and the wrongs complained of herein arose, in Kentucky.

10.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because, inter alia, a substantial part of the events giving rise to Plaintiff's claim occurred in, and because the Defendants transact business in this district.

## FACTUAL BACKGROUND

11. On March 10, 2022, at approximately 12:22 p.m., Dennis Rahtz was jogging South on the West sidewalk on Scott Street approaching the intersection with 4th Street in Covington, Kenton County, Kentucky.

12. At the same time and place, Defendant Sampson, was operating a 2016 Gillig Bus (hereinafter TANK bus), South on Scott Street approaching the intersection with 4th Street in Covington, Kenton County, Kentucky.

13. At all times relevant, Sampson was the employee, agent, servant, and/or statutory employee of TANK and operating the TANK bus for the benefit of, in furtherance of the interests of and/or within the course and scope of his employment with TANK making them vicariously liable based upon respondeat superior.

14. At all times relevant herein it was daylight, the sun was out, and Dennis was wearing a bright green shirt.

15. Dennis was jogging on the sidewalk in front of and/or along the passenger side of the TANK bus for approximately 45 seconds.

16. As the TANK bus approached the intersection, Sampson slowed down from 22 mph to 4-5 mph, at which time Dennis jogged past the bus while on the sidewalk.

17. Dennis was ahead of the bus, had the walk light giving him the right-of-way, and lawfully entered the crosswalk.

18. As Sampson slowed the TANK bus down to 4-5mph, he looked over his left shoulder and then proceeded to make a right-hand turn onto 4th Street.

19. Sampson never looked over his right shoulder or attempted to look for pedestrians in or near the crosswalk before turning right onto 4th Street.

20. Sampson never brought the TANK bus to a complete stop before turning right.

21. Sampson failed to yield the right-of-way to Dennis, who is lawfully in the crosswalk.

22. Sampson operated the TANK bus in careless, negligent and reckless manner causing it to strike Dennis, run over him with the front tires, run over him with the rear tires, and ultimately kill him, for which TANK is vicariously liable.

23. After striking and running over him, Sampson did not stop and left the scene as Dennis' body lay in the street.

## COUNT I
## NEGLIGENCE OF HOWARD SAMPSON
## VICARIOUS LIABILITY OF TANK

Plaintiff incorporates by reference all other paragraphs as if fully set forth herein and further alleges as follows:

24. Sampson's actions constitute violations of various sections and subsections of the Kentucky Revised Statutes, including KRS 189.290, 189.330, 189.338 and 189.580, which were promulgated to protect the safety of a class of people that includes Dennis, and constitute negligence per se pursuant to KRS 446.070 and Kentucky case law, for which TANK is vicariously liable.

25. As a direct and proximate result of the negligence and/or negligence per se of Defendant, Howard Sampson, the Plaintiff Dennis Rahtz, deceased, sustained serious injuries to his body causing great physical pain, mental anguish in the moments before his death and was killed resulting in the destruction of his ability to labor and earn money as a result of his wrongful death, and his Estate was caused to incur burial and funeral expenses as well as the expenses of administration of his Estate.

## COUNT II
## DIRECT NEGLIGENCE OF TANK

Plaintiffs incorporate by reference all other paragraphs as if fully set forth herein and further alleges as follows:

26. TANK had a duty to act reasonably in hiring, instructing, monitoring, training, supervising and retaining its drivers, including Sampson, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers were reasonably safe, and their buses were operated reasonably safe.

27. TANK had a duty to exercise reasonable care in entrusting its vehicles and equipment to competent, qualified, and responsible drivers.

28. TANK was careless, negligent, and reckless with regard to these duties, above, causing serious injuries to and ultimately, the death of Dennis, for which they are directly liable.

29. As a direct and proximate result of the negligence of Defendant, TANK, the Plaintiff Dennis Rahtz, deceased, sustained serious injuries to his body causing great physical pain, mental anguish in the moments before his death and was killed resulting in the destruction of his ability to labor and earn money as a result of his wrongful death, and his Estate was caused to incur burial and funeral expenses as well as the expenses of administration of his Estate.

## COUNT III
## LOSS OF CONSORTIUM OF SHERRY RAHTZ, P.R., C.R AND D.R.

Plaintiffs incorporate by reference all other paragraphs as if fully set forth herein and further allege as follows.

30. At all relevant times, Plaintiffs Sherry Rahtz and Dennis Rahtz were wife and husband having been married since December 27, 2013.

31. That as a direct and proximate result of the negligence and/or negligence per se of Defendants TANK and Sampson, contained in COUNTS I and II above, Sherry Rahtz' husband was killed.

32. As a result of her husband's wrongful death, Sherry Rahtz has suffered a loss of spousal consortium, including the loss of services, assistance, aid, society, companionship, love, comfort, and support.

33. That all times stated herein, Plaintiffs, P.R., C.R. and D.R., were the natural children of Dennis Rahtz, deceased.

34. That as a direct and proximate result of the negligence and/or negligence per se of Defendants TANK and Sampson, contained in COUNTS I and II above, P.R., C.R. and D.R.'s father was killed.

35. As a result of their father's wrongful death, P.R., C.R. and D.R. have suffered a loss of parental consortium, including the loss of services, assistance, aid, society, comfort, companionship, love, support, guidance, and protection.

## COUNT IV
## PUNITIVE DAMAGES

Plaintiffs incorporate by reference all other paragraphs as if fully set forth herein and further alleges as follows:

36. That the acts and omissions of the Defendants, TANK and Harold Sampson, described herein were wanton, grossly negligent and exhibit a reckless disregard for the life, safety and health of Dennis Rahtz, warranting the imposition of punitive damages pursuant to K.R.S. 411.184 and 411.186.

37. That at the time Harold Sampson, an employee of the Defendant did engage in behavior that was wanton, grossly negligent and exhibits reckless disregard for the life, safety and

health of pedestrians, including Dennis Rahtz, Howard Sampson, was committing said acts or omissions with the full authority and ratification of TANK and/or TANK was expressly or impliedly aware of his conduct and/or TANK should have anticipated his conduct.

## COUNT V
## WRONGFUL DEATH

Plaintiffs incorporate by reference all other paragraphs as if fully set forth herein and further alleges as follows:

38.     Plaintiff, Sherry Rahtz, is the duly appointed Ancillary Administratrix of the Estate of Dennis Rahtz, having been so appointed by the Probate Court of Kenton County, Kentucky.   She brings this claim for the exclusive benefit of the decedent's next of kin pursuant to Chapter 2125 of the Kentucky Revised Statutes.

39.     As a direct and proximate result of each Defendant's conduct, as set forth above, Dennis Rahtz passed away on March 10, 2022.

40.     As a further direct and proximate result of each Defendant's conduct, as set forth above, Dennis Rahtz's next of kin have suffered a loss of support from his reasonably expected earning capacity.

41.     As a further direct and proximate result of each Defendant's conduct, as set forth above, Plaintiff, as Ancillary Administratrix of the Estate of Dennis Rahtz, has incurred funeral, burial, probate and medical expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Sherry Rahtz, Individually and As the Ancillary Administrator of the Estate of Dennis Rahtz, and Patricia Paige as next of friend and natural grandmother of minors, P.R., C.R. and D.R., hereby demands as follows:

1. Judgment against TANK and Howard Sampson, in an amount which will fairly and reasonably compensate Sherry Rahtz, Individually and As the Ancillary Administrator of the Estate of Dennis Rahtz, and Patricia Paige, as next of friend and natural grandmother of minors, P.R., C.R. and D.R., for his medical expenses, funeral/burial expenses, loss of earnings, mental and physical pain and suffering, impairment to labor and earn, loss of consortium and property damage;

2. Punitive damages;

3. For a trial by jury on all issues so triable;

4. Costs expended herein; and

5. To any and all other relief which Sherry Rahtz, Individually and As the Ancillary Administrator of the Estate of Dennis Rahtz, and Patricia Paige as next of friend and natural grandmother of the minors P.R., C.R. and D.R., may appear to be entitled.

Respectfully submitted,

*/s/ Penny Unkraut Hendy*
Penny Unkraut Hendy (83676)
Jay R. Vaughn (89682)
Hendy Johnson Vaughn Emery, P.S.C.
2380 Grandview Drive
Ft. Mitchell, KY 41071
Tele:   (859) 578-4444
Fax:    (859) 578-4440
Email: phendy@JusticeStartsHere.com
Email: jvaughn@JusticeStartsHere.com

*Counsel for Plaintiff, Sherry Rahtz, Individually and As the Ancillary Administrator of the Estate of Dennis Rahtz, and Patricia Paige, as next of friend and natural grandmother of minors, P.R., C.R. and D.R.*